UNITED STATES, Appellee,

v.

Private (E-2) Michael D. RICKS, 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, United States Army, Appellant.

No. SPCM 21275.

U.S. Army Court of Military Review.

28 Oct. 1985.

conditions set forth in *United States v. Williamson,* 19 M.J. 617 (A.C.M.R.1984), *pet. denied,* 21

Lieutenant Colonel Arthur L. Hunt, JAGC, Captain David L. Carrier, JAGC, Captain William E. Slade, JAGC (on brief), for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, Major Larry D. Williams, JAGC, Captain Richard G. Mann, JAGC (on brief), for appellee.

Before RABY, CARMICHAEL, and ROBBLEE, Appellate Military Judges.

OPINION OF THE COURT

RABY, Senior Judge:

Pursuant to his plea, appellant was convicted of three specifications of assault consummated by a battery and one specification of assault on a noncommissioned officer consummated by battery, in violation of

M.J. 24 (C.M.A.1985).

Article 128, Uniform Code of Military Justice, 10 U.S.C. § 928 (1982).

 Appellant asserts that the staff judge advocate violated Rule for Courts-Martial (RCM) 1106(f)(7) by asserting new matter in the addendum to the recommendation of the staff judge advocate and not providing defense counsel with an opportunity to review and comment thereon.

On 7 February 1985, the staff judge advocate's post-trial recommendations were served on appellant's counsel. This recommendation contained no comment regarding the sanity of the accused. Thereafter, the defense submitted a petition for clemency which pertinently questioned appellant's "mental status." On 15 February 1985, the convening authority notified appellant's defense counsel that, after considering appellant's petition for clemency, he considered the issue raised regarding appellant's post-trial mental capacity. Subsequently, on 1 March 1985, in his addendum, the staff judge advocate, after restating the defense counsel's remarks concerning the appellant's mental capacity, advised the convening authority that:

> On 28 February 1985, Major Samuel J. Garloff, 2d Armored Division Psychiatrist, telephonically advised ... that the Sanity Board has been completed .... [T]he Board concluded that the accused has the capacity to understand and cooperate intelligently in the post-trial proceedings.

Later that same day, the convening authority approved appellant's sentence, and ordered it immediately executed (except for the bad-conduct discharge).

We find that the above quoted remarks, contained in the staff judge advocate's addendum, constituted new matter within the meaning of RCM 1106(f)(7). " 'New matter' includes discussion of the effect of new decisions on issues in the case, matters from outside the record of trial, and issues not previously discussed." RCM 1106(f)(7), Discussion. The remarks of the staff judge advocate clearly meet the first two tests for new matter as cited above. We, therefore, need not determine whether this information also constituted an issue "not previously discussed." We find that the staff judge advocate did err by not serving his addendum upon appellant's defense counsel, pursuant to the requirements of RCM 1106(f)(7).

We decline, however, to return this case for a new staff judge advocate's recommendation and convening authority's action because of a procedural defect, albeit a substantial one, in the post-trial clemency process. We believe that this is an example of one of the many kinds of post-trial corrections that both Congress and the President now expect this Court to make, utilizing its own review powers, without returning the trial record to a convening authority. *See* S.Rep. No. 53, 98th Cong., 1st Sess. 21 (1983) ("If there is an objection to an error that is deemed to be prejudicial under Article 59 during appellate review, it is the Committee's intent that appropriate corrective action be taken by appellate authorities without returning the case for further action by a convening authority."); *see also* RCM 1106(d)(6).

Exercising our statutory fact-finding and legal powers: (1) we find that appellant's guilty plea to the Charge and its four specifications is provident; (2) we affirm all findings of guilty pertaining to this appellant; and, (3) reassessing the sentence on the basis of the entire record, we affirm the sentence.

Judge CARMICHAEL and Judge ROBBLEE concur.